REGAN, Judge.
The plaintiff, Ronald Furness, individually and as administrator of the estate of his minor daughter, Wendy Furness, filed this suit against the defendants, Lance, Inc., its liability insurer, American Mutual Insurance Company, C & C Properties, Inc., and New Orleans East Apartments, and their liability insurer, United States Fire Insurance Company, endeavor *274 ing to recover the sum of $10,443.25 in favor of Furness for present and future medical expenses and the amount of $200,-000.00 in favor of Wendy Furness for her pain, suffering, embarrassment, humiliation, disability and disfigurement which he asserts resulted from injuries incurred when a candy machine fell on her because of negligence of the defendants in not properly securing the machine to the wall and in not providing a level floor in the concession area of the apartment complex wherein they resided, and in failing to properly adjust the legs of the machine resulting in an unstable base.
The foregoing defendants answered and denied that the accident occurred as a result of fault on their part, and that the sole cause of the injury incurred by Wendy Furness was her own negligence in pulling the machine over in order to obtain money therefrom.
Alternatively they pleaded her contributory negligence and that of her parents in failing to adequately supervise and control the child and that the plaintiffs possessed the last clear chance to avoid the accident.
C & C Properties, the New Orleans East Apartments, and their insurer, admitted that their manager, Mrs. Alice Wallace, leased space in the apartment complex to Paul D. Laurent for installation of the candy machine for a consideration of 10% of the gross revenues emanating therefrom.
The defendants filed several third-party actions against various corporations and individuals which would serve no useful purpose to discuss in view of the result that we have decided should be reached herein.
Following a trial on the merits, judgment was rendered in favor of the defendants, American Mutual Liability Insurance Company, C & C Properties, Inc., United States Fire Insurance Company, New Orleans East Apartments and Lance, Inc., dismissing the plaintiff’s suit at his cost. Judgment was also rendered dismissing the third-party demand of C & C Properties, Inc., United States Fire Insurance Company, New Orleans East Apartments, American Liability Insurance Company and Lance, Inc.
The record discloses that when this accident occurred Wendy Furness was years of age, and her parents were lessees of an apartment in the New Orleans East Apartments where a concessions area was provided for the tenants. Paul D. Laurent installed a candy machine in this area which was owned and leased to him by Lance, Inc.
In any event, the coin slot of the candy vending machine became jammed, and Wendy Furness observed her sister and a friend unsuccessfully attempt to retrieve their money therefrom by tilting it forward so that the coin would fall out. Wendy related that after they left the area, she endeavored to retrieve the money in the same manner by placing one hand on the back of the machine in order to rock and pull on it which caused the vendor to topple upon her and her injuries ensued as a result thereof. She admitted being aware of the possibility of incurring an injury should the machine fall upon her and that she realized the only way she could cause the machine to move forward was by pulling upon it thus causing it to tilt forward.
Nelson Schaefer, an electrical and design engineer who appeared on behalf of the plaintiff, testified that based on the machine’s weighing 150 lbs. containing 120 bars of candy weighing 30 lbs., approximately 29 lbs. would be required to pull the machine out of equilibrium and turn it over, however, a pressure of less than 29 lbs. would be required if the machine were pushed or pulled from its top. He explained that once the machine was tilted 5° only IU/2 lbs. was required to pull it over; in his opinion the two raised slotted fittings on the rear of the machine were for the purpose of securing it and there *275 fore the machine should have been bolted to the wall. He conceded that his calculations were predicated on the geometry of a similar machine without his having made a scientific determination as to the elevation of the center of gravity or determining the exact weight and measurement of this machine and its contents. He did not measure the machine involved herein until the day he appeared in court, and the measurements used in his calculations were, significantly, to reiterate, on a different machine made at a. previous time. Incidentally, the trial judge expressed the opinion that he was not impressed with this testimony, and we are in full accord with this observation.
Alfred Marquez, the branch manager of Lance, Inc., testified that he had supervision over the candy machine, and he explained that a Lance salesman, E. J. Landry, had instructed Paul Laurent in its installation. He estimated the weight of the machine to be approximately 150 lbs., and that he had never informed any of his salesmen or customers to secure the machines to the wall. He pointed out that he had not instructed Laurent to use lugs or ace locks located at the rear of the machine since he was not aware of their purpose. He related that he had been working with Lance vendors for the past fourteen to fifteen years, and he did admit that if the machines were moved around, shaken or abused they could become unstable.
Paul Laurent testified that after installation of the machine in accordance with instructions from Landry, the legs were steady and it was tilted to the wall where the top and back were touching. He emphasized that the machine was stable when he left it and that it was ready for normal use. He then explained that he was never instructed to bolt these machines to the wall, and’ that he checked the leg adjustments about three times a week since movement of the machine could cause it to get out of adjustment, depending upon how far out it was moved and where. He stated that an adjustment consists of making sure all four legs are touching the concrete.
Marquez, whose testimony we have referred to hereinabove, stated that shaking the handle on the machine to obtain candy would not cause the legs to become maladjusted.
Martin M. Burger, the president of Universal Vendors, Inc., who had been with that company since its inception, testified through the medium of a deposition that Universal Vendors sold the candy vending machine involved in the accident to Lance, Inc. He asserted that the machine was manufactured by Westinghouse Electric Corporation in Springfield, Massachusetts, and that almost all of the 60,000 machines manufactured for sale by Universal over the past seven years are still in operation with no report to Universal, prior to October 22, 1967, of any of the machines toppling over. He related that the only other incident reported after October 22, 1967, was in South Carolina and the complaint was disposed of without payment. He, with significance, explained that the slots located in the rear of the machine were placed there for the attachment of hooks used in the automated paint line in the manufacture of the machine.
Arilee Ogle, who qualified as an expert civil and structural engineer, testified that he measured the concessions area which he described as a concrete slab with a slope of one inch in twelve feet for the purpose of permitting water to flow from it and that such a slope is acceptable to the profession. He also stated that there were no cracks in the slab, and described the surface as having a smooth broom finish to prevent slipping when wet.
In determining what is negligent conduct we have remarked on several occasions that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil *276 law concept. Judicially we are tending more and more towards an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury and prescribe the proper rule for each.
Predicated on the foregoing facts the trial judge found no fault on the part of the defendants and dismissed the plaintiff’s suit at his cost. Our analysis of the record together with an examination of the candy vending machine introduced into evidence convinces us that there was no error in the conclusion reached by him.
For the foregoing reasons the judgment of the lower court is affirmed. All costs incurred herein are to be paid by the plaintiffs.
Affirmed.